The opinion of the Court was delivered by
Colcock, J.
The two first grounds relate altogether to the insufficiency of the evidence, and it is only necessary as to them to repeat what has so often been said on this subject; unless a verdict is clearly and manifestly against evidence, or wholly without evidence, the Court will *2641 n°k se^ as^e- It is the peculiar and *exclusive privilege of the I jury to decide on the weight of evidence, and also on the decree of credit to which the witnesses shall be entitled. The testimony on the part of the State was positive, and the prosecutor’s not being able to identify one of the persons whom he saw in the jail, and mistaking one of those at the bar for one whom he had seen in the jail, were circumstances too trifling and unimportant to impugn his testimony, particularly as it was corroborated by another witness who swore to all the material facts; both of the witnesses swore positively to the identity of the prisoner; both recognized him at the first sight. As to the witnesses on the part of the accused, the account which they gave of themselves; *531 the manner in which they gave their evidence; and, above all, their being considered as the associates of the prisoner, were circumstances which, no doubt, tended to discredit them in the estimation of the jury-
The last ground is one of some importance, and, if it had not been repeatedly decided in our Courts, would have merited some observation. In the case of the State v. Joseph Quarrel, 2 Bay, 151,[1] it was decided by the unanimous opinion of the bench, that that which was a cause of challenge to a juror, shall not be made the ground of a new trial. That the prisoner had a right to the panel, and a copy of the indictment three days previous to his trial; the end and design of which was to enable him to ascertain the character and qualifications of the jurors who were to sit on his trial, and if he would not do so, he should not be permitted to take advantage of his own negligence. I cannot forbear to add, that if this were not the law, that I am satisfied, from my experience, that justice would be laid prostrate at the feet of the offenders.
The motion is discharged.
Bay, Nott, Johnson and HtjgeR, JJ., concurred.

 Ante, 79, 172.
10 Rich. 267; 2 Bay, 152; Josey v. Wilm. & Man. R. R. Co., 11 Rich. 2d trial.